Richard W. Jennings, General Treasurer *vs.* U. S. Bobbin & Shuttle Co.

JUNE 29, 1922.

Present: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)  Construction of Statutes.*

In the construction of statutes, there is a presumption that they are intended to operate prospectively only and words ought not to have a retrospective operation unless they are so clear, strong and imperative that no other meaning can be annexed to them or unless the intention of the legislature cannot be otherwise satisfied.

*(2)  Tax Act.  Construction.  Carrying on Business for Profit.*

"The tax act of 1912" was intended to operate prospectively, and as the corporate excess tax assessed June 1, 1912, was for the year 1912, the annual corporate excess tax assessed thereafter was for the year in which the tax was assessed, and consequently the tax assessed June 1, 1920, was for the year 1920, and where a corporation was not carrying on business for profit in this State during the year 1920, it was not liable for the tax assessed against it June 1, 1920.

Action on the Case to collect a corporate excess tax. Certified for determination under cap. 298, § 4, Gen. Laws, 1909.  Decision for defendant.

Sweeney, J.  This is an action on the case to collect a corporate excess tax alleged to be due the State.  The action was brought in the Superior Court and, upon an agreed statement of facts being filed, was certified to this court for hearing and determination under authority of Section 4, Chapter 298, General Laws, 1909.

The declaration alleges that June 1, 1920, the Board of Tax Commissioners assessed against the defendant a corporate excess tax in the sum of $1,264.09 in accordance with the provisions of Chapter 769 of the Public Laws passed at the January Session, 1912; that said tax was payable July 1, 1920; and that the tax was duly certified for collection by said Board to the plaintiff.

It appears from the agreed statement of facts that the defendant was incorporated under the laws of the State of

New Jersey; that November 13, 1919, the stockholders consented that said company be forthwith dissolved; that upon or about December 29, 1919, the defendant filed an affidavit in the office of the Secretary of State in New Jersey showing that the consent of the stockholders to dissolve the corporation had been advertised; that December 30, 1919, the directors of the said defendant met at Providence, R. I., and passed a vote authorizing the execution of a deed conveying all of the assets of the defendant; that deeds conveying all of the said assets were executed and delivered December 31, 1919; that the defendant continued business in this state until the usual hour for closing business December 31, 1919; that thereafterwards the only business transacted by the defendant was in paying its indebtedness then outstanding and paying its stockholders a dividend in liquidation; and that March 1, 1920, it made a return to said Board of Tax Commissioners, as of December 31, 1919, of the facts required by Section 9 of said Chapter 769.

The defendant claims that because it did not carry on business for profit in this state after December 31, 1919, it is not liable for the corporate excess tax assessed against it June 1, 1920.

The question arising in this action is, Is the defendant liable for a corporate excess tax assessed against it June 1, 1920, when it did not carry on business for profit in this state at any time during the year 1920?

Said Chapter 769, known as "The Tax Act of 1912," took effect February 15, 1912. "It was the introduction of a new system of taxation which amounted to an entire revision of the theory and practice of assessing and collecting taxes for the State." *Mexican Pet. Corp.* v. *Bliss et al.*, 43 R. I. 243.

Section 9 of said Act provides that every corporation (with certain exceptions) carrying on business for profit in this state shall pay an annual tax to the state upon the value of that portion of its intangible property called its "corporate excess", and section 11 prescribes the method for

the determination of the value of the corporate excess for the purposes of assessment and taxation. The Act thus created a new classification of property of every corporation subject to taxation if the corporation carried on business for profit in this state. Said section 11 also provides that said Board on the first business day of June in each year shall make up a list of all corporations subject to tax upon their corporate excess, with the amount of the corporate excess of each, and shall assess a tax upon each such corporation at the rate of forty cents for each $100.00 of the amount of its corporate excess and enter the amount of the tax against the name of each such corporation. The Board is required to forthwith mail a notice of the amount of the tax to each such corporation; and the tax so assessed is payable on the first day of the following July. Said Act also provides that the owners of shares of stock in a corporation which is liable to a tax upon its corporate excess shall be exempt from taxation thereon. Section 20 and 8th paragraph of Section 39. The Act also provides that such tax, if unpaid, shall constitute a lien upon the real estate of the corporation for the space of two years after the assessment thereof.

For the purpose of assisting the Board in the determination of the amount of such tax, it is provided that every corporation liable thereto shall on or before the first day of March in each year return to said Board, as of December 31 next preceding, a statement of certain financial facts. From this statement or return, or from other information, the Board shall annually fix the fair cash value of the capital stock of each corporation for the said year or lesser time the corporation has carried on business.

In the construction of statutes there is a presumption that they are intended to operate prospectively only and words ought not to have a retrospective operation unless they are so clear, strong, and imperative that no other meaning can (1) be annexed to them or unless the intention of the legislature cannot be otherwise satisfied. 25 R. C. L., Section 35, Statutes.

There is nothing in the Tax Act to show that it was intended by the legislature to have a retrospective effect. The radical changes made in the method of assessing and collecting taxes for the state, including the classification and taxation of corporate excess, make it clear that the Tax Act was intended to operate prospectively.

By the express terms of the Tax Act the owners of stock in corporations subject to the corporate excess tax are exempt from taxation thereon. If the defendant were carrying on business in this state in 1911 the owners of shares of its capital stock were liable to pay taxes thereon during the year 1911 to the city or town in which such owners lived. In 1912 they would not be liable to such local tax because the corporation would be liable to assessment for a tax upon its corporate excess. This is the effect of the decision of this court in the case of *R. I. Hospital Trust Co.* v. *Rhodes et als.*, 37 R. I. 141. The question in this case was whether the traction company was carrying on business for profit in this state in 1912 and the court decided that it was. June 1, 1912, the Board of Tax Commissioners assessed a corporate excess tax against said traction company and June 15, 1912, the assessors of taxes of the city of Providence assessed a local tax against the trustee of the owner of stock in said company. This court held that the assessment made by the assessors of taxes was invalid as the stock was not subject to local assessment.

If this court should hold that the assessment made June 1, by the Board of Tax Commissioners upon the corporate excess, is for carrying on business during the preceding year it would give a retrospective effect to the Tax Act which is not warranted by any words in the Act. It would also have the effect of deciding that all city or town taxes assessed during the year 1911 against the owners of stock in corporations subject to a corporate excess tax are invalid because June 1, 1912, the State Board assessed a tax for corporate excess against such corporations.

The fact that the corporation is required to make a return to the State Board before March 1, in each year, showing certain financial facts, as of December 31 next preceding, for the purpose of assisting the Board in the determination of the value of the stock of such corporation and to determine the amount of the corporate excess and assess a tax thereon June 1, does not cause the tax assessed June 1 to be due for the year ending December 31 next preceding.

The Board does not make the determination of the value of the capital stock solely upon the facts stated in the return but uses these facts in connection with such other information as it may have, and bases its judgment as to the value of the capital stock of such corporation upon all of the information the Board possesses.

The court is of the opinion that as the corporate excess tax assessed June 1, 1912, was for the year 1912 the annual corporate excess tax assessed thereafter was for the year in which the tax was assessed and, consequently, the corporate excess tax assessed June 1, 1920, against the defendant was for the year 1920. As it appears that the defendant was not carrying on business for profit in this state during the year 1920, it is not liable for the corporate excess tax assessed against it June 1, 1920, by said Board, and decision is rendered for the defendant.

The papers in said cause with our decision certified thereon are ordered to be sent back to the Superior Court for the entry of final judgment upon the decision.

*Herbert A. Rice, Atty. General,* for plaintiff.    *Lester S. Walling,* of counsel.

*Frederick A. Jones,* for defendant.